IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIZALINO T. CASTANERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11 C 5130 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant United States of America's (Defendant) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

**BACKGROUND**

Plaintiff Rizalino T. Castanares (Plaintiff) alleges that on or about April 9, 2009, he filed a joint income tax return for the 2004 tax year, claiming a refund of $14,587 (Refund Claim). The return for the 2004 tax year was allegedly filed on behalf of both Plaintiff and his wife, who passed away in June of 2004. The record reflects that on April 15, 2005, the Internal Revenue Service (IRS) extended the time for Plaintiff to file a return for the 2004 tax year by four months, to August 15, 2005.

1

The record further reflects that Plaintiff did not file a return for the 2004 tax year by that date. In fact, as indicated above, Plaintiff did not file any return for the 2004 tax year until April 2009.

In late July of 2009, the IRS allegedly informed Plaintiff that his Refund Claim was disallowed because it was untimely under Internal Revenue Code (IRC) § 6511 (Section 6511). In late August of 2009, Plaintiff allegedly requested that the IRS reconsider its finding, contending that for a certain period of time, he had medical impairments that created a financial disability, as defined under 26 U.S.C. § 6511(h) (Section 6511(h)), which would therefore toll the time period to file his Refund Claim. The IRS allegedly demanded documentation from Plaintiff's physicians to substantiate Plaintiff's claim of financial disability, and Plaintiff allegedly provided the required documentation to the IRS in early October 2009. In early February 2010, Plaintiff allegedly received a letter from Beth Delfoss (Delfoss) of the IRS, indicating that he had not provided sufficient documentation to demonstrate that he had suffered from a financial disability so as to toll the time period for filing the Refund Claim.

Plaintiff allegedly requested additional time to submit documentation, and Delfoss allegedly gave Plaintiff until March 31, 2010, to submit additional documentation. In early April of 2010, Delfoss allegedly again indicated to Plaintiff via letter that he had not adequately substantiated his claim of financial disability. Plaintiff allegedly responded to Delfoss' letter immediately, and on or about April 13, 2010, Plaintiff allegedly received "a letter of final decision" from Delfoss (Letter

of Final Decision), denying Plaintiff's Refund Claim. (Compl. Par 21). The Letter of Final Decision allegedly indicates that Plaintiff may pursue the matter further by filing an action in federal court. On July 28, 2011, Plaintiff filed the instant action, seeking payment of the Refund Claim. Defendant now moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) and Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)).

## LEGAL STANDARD

Rule 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.*; *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946 (emphasis in original). In such cases, for the purpose of determining

3

subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.,* 322 F.3d at 946.

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662

4

(2009))(internal quotations omitted).

## DISCUSSION

Defendant argues that the court lacks subject matter jurisdiction to consider Plaintiff's claim because Plaintiff's Refund Claim was not duly filed, as required under 26 U.S.C. § 7422(a) (Section 7422(a)). Pursuant to 28 U.S.C. § 1346 (Section 1346), [t]he district courts shall have original jurisdiction . . . of . . . [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). The jurisdiction conferred on the court under Section 1346 is limited by Section 7422(a), which provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been *duly filed* with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a)(emphasis added); *see also Gluck v. United States*, 84 Fed.Cl. 609, 613 (Fed. Cl. 2008)(indicating that Section 7422 "waives the federal government's sovereign immunity from tax refund suits," and "creates a jurisdictional prerequisite to filing a

refund suit"). A claim for refund or credit is "duly filed" only if it complies with the timing requirement set forth in 26 U.S.C. § 6511 (Section 6511). *See Commissioner v. Lundy*, 516 U.S. 235, 239-40 (1996)(stating that Section 6511 "contains two separate provisions for determining the timeliness of a refund claim," a filing deadline under Section 6511(a) and a limit on recoverable amounts under Section 6511(b)(2)); *see also Jackson v. United States*, 100 Fed.Cl. 34, 42 (Fed. Cl. 2011)(stating that "[t]o meet the jurisdictional prerequisites to file a tax refund suit, . . . plaintiffs first must satisfy the tax refund schematic detailed in Title 26 of the Internal Revenue Code . . . which . . . establishes strict deadlines for filing claims")(citations omitted); *Simmons v. United States*, 2008 WL 2875253, at *2 (S.D. Ill. 2008)(finding that the court did "not have jurisdiction to hear the plaintiff's claim because there was no claim for a refund within" the relevant look-back period calculated pursuant to Section 6511(b)(2)(A)).

Pursuant to 26 U.S.C. § 6511(a) (Section 6511(a)), a "[c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a). Tax amounts withheld from wages are deemed paid on the 15th of April that follows the close of the taxable year. 26 U.S.C. § 6513(b)(1). Thus, Plaintiff paid the tax amount he now seeks to recover on April 15, 2005. Pursuant to the language of Section 6511(a), since no return was

filed by Plaintiff by the August 15, 2005 due date for the 2004 tax year, Plaintiff was required to file his Refund Claim within two-years of April 15, 2005. Even if the court considers the extension Plaintiff received to file the return for the 2004 tax year, by August 15, 2005, Plaintiff would have been required to file his Refund Claim within two years of August 15, 2005. Plaintiff did not file his Refund Claim until April 29, 2009, which was more than three and a half years after his taxes were paid for the 2004 tax year under either scenario. Thus, Plaintiff has not met the requirements of Section 6511(a).

In addition, even if Plaintiff had met the requirement of Section 6511(a), Plaintiff would be barred from recovering pursuant to 26 U.S.C. § 6511(b)(2) (Section 6511(b)(2)), which provides that "[i]f the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." 26 U.S.C. § 6511(b)(2). The record in this case reflects that Plaintiff filed the Refund Claim on April 29, 2009. (Mot. Ex. 1, 1). The record also shows that Plaintiff had earlier received a 4-month extension of time to file his return for the 2004 tax year, and that it was due on August 15, 2005. (Mot. Ex. 1, 1). Thus, the relevant look-back period under § 6511(b)(2)(A) began on December 29, 2005, in other words, three years plus four months prior to the filing of the Refund Claim, and the relevant look-back period ended April 29, 2009. As discussed above, Plaintiff paid the tax amount he now seeks to recover on April 15, 2005, or August

7

15, 2005, at the latest. Since both April 15, 2005 and August 15, 2005 fall outside the applicable look-back period of December 29, 2005 through April 29, 2009, Plaintiff's Refund Claim was not duly filed within the meaning of Section 7422, and this court does not have jurisdiction to consider Plaintiff's claim.

Plaintiff argues that the court has jurisdiction to consider his claim based on Delfoss' indication in the Letter of Final Decision that Plaintiff could pursue his Refund Claim further in federal court. However, as Defendant points out, the court's jurisdiction is determined by the statutes at issue in this case, and Delfoss' statement in the Letter of Final Decision does not waive Defendant's sovereign immunity. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)(stating that "no action of the parties can confer subject-matter jurisdiction upon a federal court[, and] [t]hus, the consent of the parties is irrelevant").

Plaintiff also contends that he argued extensively with Delfoss regarding the reasons his Refund Claim was timely, and that he adequately showed that he was financially disabled so as to toll the time period for filing his Refund Claim. Pursuant to 26 U.S.C. § 6511(h) (Section 6511(h)), "the running of the periods specified in subsections (a), (b), and (c) shall be suspended during any period of such individual's life that such individual is financially disabled." 26 U.S.C. § 6511(h)(1). To establish financial disability under Section 6511, an individual must prove "the existence [of such disability] in such form and manner as the Secretary may require." 26 U.S.C. § 6511(h)(2)(A). IRS Revenue Procedure 99-21 (Revenue

Procedure 99-21) requires

> the following statements . . . to be submitted with a claim for credit or refund of tax to claim financial disability for purposes of § 6511(h).
> (1) a written statement by a physician (as defined in § 1861(r)(1) of the Social Security Act, 42 U.S.C. § 1395x®), qualified to make the determination, that sets forth:
> (a) the name and a description of the taxpayer's physical or mental impairment;
> (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;
> (c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;
> (d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and
> (e) the following certification, signed by the physician:
>
> I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.
>
> (2) A written statement by the person signing the claim for credit or refund that no person, including the taxpayer's spouse, was authorized to act on behalf of the taxpayer in financial matters during the period described in paragraph (1)(d) of this section. Alternatively, if a person was authorized to act on behalf of the taxpayer in financial matters during any part of the period described in paragraph (1)(d), the beginning and ending dates of the period of time the person was so authorized.

Rev. Proc. 99-21 § 4. The record in this case demonstrates that Plaintiff did not comply with the requirements set forth in Revenue Procedure 99-21. Therefore, Plaintiff cannot rely on the argument that he adequately showed that his Refund Claim was timely based on having properly established a financial disability under Section 6511(f). Based on the above, Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

In addition, although Plaintiff has not argued that Section 6511(b)(2) does not present a jurisdictional bar to the filing of this action, the court notes that recent decisions by other courts call into question whether Section 6511(b)(2) creates a jurisdictional bar, and that such decisions have indicated that Section 6511(b)(2) arguments might more appropriately be considered in the context of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See, e.g., Murdock*, 2012 WL 401594, at *2-4 (discussing distinctions between Rule 12(b)(1) and Rule 12(b)(6) dismissals, and the court's rationale for finding that "[t]he better view is that a defense based upon [Section] 6511(b)(2) should be considered as a motion for dismissal for failure to state a claim"). Neither the Supreme Court nor the Seventh Circuit has squarely addressed the issue. *But see Baral v. United States*, 528 U.S. 431, 439 (2000)(affirming a grant of summary judgment based on the plaintiff's inability to recover under Section 6511(b)(2)); *see also cf. Morrison v. YTB Intern., Inc*. 649 F.3d 533, 536 (7th Cir. 2011)(indicating that "subject-matter jurisdiction is a synonym for adjudicatory competence," and that "[o]ther deficiencies in a plaintiff's claim concern the merits rather than subject-matter jurisdiction"). However, regardless of whether Section 6511(b)(2) creates a jurisdictional bar, or whether Defendant's Section 6511(b)(2) argument is more appropriately considered in the context of a Rule 12(b)(6) motion, the result in this particular case is the same, not only based on the fact that Plaintiff failed to meet the requirements of 6511(a), but also based on the facts alleged in Plaintiff's complaint.

In his complaint, Plaintiff failed to allege sufficient facts to plausibly suggest

that he met the requirements of Revenue Procedure 99-21, which were established by the IRS, and which must be complied with to warrant any tolling based on financial disability under Section 6511(h). Since Plaintiff failed to allege such facts, he has failed to state a claim upon which relief can be granted. Thus, even if the court had subject matter jurisdiction over Plaintiff's claim, the instant action would still be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss is granted.

 _____
 Samuel Der-Yeghiayan
 United States District Court Judge

Dated: May 16, 2012